**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVINA L. SMITH**, | : | Case No. 1:12CV1466 |
| Plaintiff, | : | |
| | | *Amended* |
| vs. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| **COMMISSIONER OF SOCIAL SECURITY**[1], | : | |
| Defendant. | : | |

**I. INTRODUCTION.**

This matter was referred to the undersigned Magistrate, pursuant to 28 U. S. C. § 636 and UNITED STATES DISTRICT COURT LOCAL RULE 72.2, to file a Report and Recommendation for disposition of the application for payment of attorney fees (Docket No. 23). Pending is Plaintiff's Motion for Attorney Fees filed pursuant to the EQUAL ACCESS TO JUSTICE ACT (EAJA), Defendant's Response, Plaintiff's Reply to Defendant's Response and Plaintiff's Supplement to the Motion (Docket Nos. 22, 25, 27 & 28). For the reasons set forth below, the Magistrate amends the report and recommendation to address the Supplement to Plaintiff's Application as well as the award of attorney fees requested by Paulette F. Balin.

**I. PROCEDURAL BACKGROUND**

---

[1] At the time this case was filed, Michael Astrue was Commissioner of Social Security. On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. As Michael Astrue's successor, Ms. Colvin is automatically substituted as a party to this litigation, pursuant to FED. R. CIV. P. 15(d).

On August 29, 2008, Plaintiff protectively filed concurrent applications for a period of DIB and SSI, under Title II of the Social Security Act (Act) and Title XVI of the Act, respectively. In both applications, Plaintiff alleged a period of disability beginning July 11, 2008. These claims were denied initially and upon reconsideration.

Plaintiff filed a timely written request for a hearing and on September 15, 2010, Plaintiff, represented by counsel, and a Vocational Expert (VE) appeared before Administrative Law Judge Irving A. Pianin. ALJ Pianin found that Plaintiff had a severe combination of lupus, a back disorder, peripheral neuropathy, chronic obstructive pulmonary disease (COPD), obesity, depression and anxiety; nevertheless, ALJ Pianin determined that based on all the evidence presented, Plaintiff had not been disabled within the meaning of the Act at any time from the alleged onset date through September 17, 2010.

On April 6, 2012, the Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner.

On June 11, 2012, Plaintiff filed a Complaint in the Northern District of Ohio, Eastern Division, seeking judicial review of the Commissioner's denial of an award of benefits. United States District Court Judge Patricia A. Gaughan accepted the Magistrate Judge's Report and Recommendation and ordered that the case be reversed and remanded to the Commissioner pursuant to sentence four of 42 U. S.C. § 405(g) to:

1. comprehensively set forth the reasons for the weight assigned to the opinions of Dr. Mikhail, a treating source, and
2. determine if based on that reassessment, Plaintiff was eligible for an award of benefits.

Plaintiff filed a Motion for Attorney Fees under EAJA requesting an order authorizing payment of attorney fees totaling $4,330.12 to be paid by the Defendant. Defendant seeks an order denying

Plaintiff's request for fees and costs.

The Magistrate filed a Report and Recommendation recommending that the Court grant the Motion for Attorney Fees.  The Supplement to Plaintiff's Application for Payment of Attorney Fees and Paulette F. Balin's request for attorney fees were inadvertently omitted from consideration; therefore,  this Amended Report and Recommendation also includes a recommendation as to  the request for attorney fees by Matthew J. Shupe and Paulette Balin (Docket Nos. 22-10 & 22-11 and 28).

## II. EAJA STANDARD FOR AWARDING FEES

A court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.  28 U. S. C. § 2412(b) (Thomson Reuters 2013).  The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.  28 U.S.C.A. § 2412(b) (Thomson Reuters 2013).  A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that:  (1) the party is a prevailing party, (2) the party is eligible to receive an award under this subsection, (3) the position of the United States was not substantially justified and (4) the itemized statement from any attorney or expert witness representing or appearing in behalf of the party states the actual time expended and the rate at which fees and other expenses were computed.  28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2013).

### III. IS PLAINTIFF ENTITLED TO AN AWARD OF FEES?

Plaintiff contends that (1) she is a prevailing party; (2) that she is eligible for the award of fees; (3) that the government's position was not substantially justified; and (4) the record has been supplemented with itemized statements.

Defendant does not challenge whether Plaintiff is a prevailing party or whether she is eligible for the award of fees as defined in the Act. Defendant claims that the government met the burden of proving that its position was substantially justified so as to preclude an award of attorney fees.

**1       PREVAILING PARTY STATUS.**

A sentence-four remand makes the plaintiff a "prevailing party" under the EAJA, *Turner v. Commissioner of Social Security*, 680 F.3d 721, 723 (6th Cir.2012) (*see Shalala v. Schaefer*, 113 S.Ct. 2625, 2630-2631 (1993); entitling the plaintiff to "fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party . . . " *Id.* (*citing* 28 U.S.C. § 2412(d)(1)(A)). Because the "EAJA renders the United States liable for attorney's fees for which it would otherwise not be liable," it "amounts to a partial waiver of sovereign immunity." *Id.* (*citing Scarborough v. Principi*, 124 S.Ct. 1856, 1868-1869 (2004) (*quoting Ardestani v. I.N.S.*, 112 S.Ct. 515, 520 (1991)). Fees are paid directly to the claimant, *Id.* (*citing Bryant v. Commissioner of Social Security*, 578 F.3d 443, 449 (6th Cir.2009), unless the claimant preemptively assigns the fee award to counsel. *Id.*

Plaintiff contends that she meets the first prong of the four-part test. She has prevailed in some aspect of her claim, namely, she succeeded in getting a sentence four remand. Having been awarded a remand order pursuant to sentence four of 42 U. S. C. § 405(g), Plaintiff is unequivocally a prevailing party for purposes of the EAJA.

**2.     ELIGIBILITY FOR AN AWARD.**

The second element requires that the party be eligible to receive the award. 28 U.S.C. § 2412(d)(1)(B) (Thomson Reuters 2013). The statute qualifies the meaning of eligible party to mean "an individual whose net worth did not exceed $2,000,000 at the time of the civil action was filed." 28 U. S. C. § 2412(d)(2)(B) (Thomson Reuters 2013).

Plaintiff alleges, simply, that she is eligible to receive EAJA fees because she has a net worth that is far less than two million-dollars (Docket No. 22, ¶ 2). Defendant neither challenges this assertion nor provided other evidence which warrants that would discount the truth of the matter asserted.

**3.     WAS THE GOVERNMENT'S POSITION SUBSTANTIALLY JUSTIFIED?**

Defendant's argument as to why the government's position is substantially justified is twofold. First, Plaintiff's argument that the government's position was not substantially justified is perfunctory, wholly unsupported and totally undeveloped and as such, should be waived. Second, although the ALJ failed to articulate why he discounted Dr. Mikhail's assessments, the Magistrate Judge's Report and Recommendation is replete with probable reasons to discount Dr. Mikhail's opinions.

Whether the position of the United States was substantially justified, shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2013). The determination of what constitutes "substantial justification" is based on a wide variety of factual contexts and legal issues. *Scarborough, supra*, 124 S. Ct. at 1865-1866. The "substantial justification standard" is essentially one of reasonableness. *Id.* The pertinent inquiry is whether the United States's position

had a reasonable basis in law and fact. *Id.*

The government bears the burden of establishing that the position of the United States is substantially justified. *Id.* To satisfy its burden, the United States must show that its position was "justified to a degree that could satisfy a reasonable person," not merely that the government was "undeserving of sanctions for frivolousness." *Pierce v. Underwood,* 108 S. Ct. 2541, 2550 (1988). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart,* 103 S. Ct. 1933, 1941 (1983).

The regulations are well established that the ALJ must give deference to some basic considerations in assessing the treating physician's opinions. The treating physician analysis is a key element that is critical when assessing eligibility for disability or determining non-disability. There is little substance, if any, that the Magistrate can find in the government's refusal to follow analyze the treating physician. Neither has Defendant presented arguable defensible reasons for ALJ's failure to explicitly comply with the regulations. Defendant's decision to defend the ALJ's failure to develop the treating physician analysis as required by law and the regulations as a position of the United States is not substantially justified. That is to say that Plaintiff's failure to articulate why the government was not substantially justified neither waived the argument nor rescued the government from a substantially unjustified position on the law.

**4.    HAS THE RECORD BEEN SUPPLEMENTED WITH ITEMIZED STATEMENTS?**

Pursuant to 28 U.S.C. § 2412(d)(1)(b), any fee application must be filed within 30 days of the final judgment in the action and it must be supported by **an itemized statement**. Plaintiff has provided an itemized statement which clearly delineates the actual time expended on the case, by whom, their usual billing rates and the rate at which fees and other expenses were computed. In addition, Plaintiff provided:

1. a copy of THE ECONOMICS OF LAW PRACTICE IN OHIO DESKTOP REFERENCE for 2010;
2. an affidavit of Sabrina Veal, case manager at the law office of Paulette F. Balin & Associates;
3. an affidavit of Louise Mosher, an attorney licensed to practice law in the State of Ohio;
4. an affidavit of Chad C. Delesk, an attorney licensed to practice law in the State of Ohio;
5. an affidavit of Paulette F. Balin, an attorney licensed to practice law in the State of Ohio;
6. copies of the United States Bureau of Labor Statistics Consumer Price Indexes (CPI) from 2012 and 2013.

The Magistrate finds that Plaintiff has met the fourth prong of the standard for apportioning liability to the United States for Plaintiff's fees incurred in the successful defense of this case. Having determined that Plaintiff has met all four prongs of the test which establishes the basis for eligibility of an award of fees, the Magistrate proceeds to determine the amount of the award.

### IV. THE AMOUNT OF ATTORNEY FEES.

The issue is whether Plaintiff is entitled to an award based on the statutory rate of $125 per hour or an enhanced base rate using the cost-of-living multiplier applicable for the years during which Plaintiff incurred the attorney fees.

The EAJA authorizes an award of reasonable fees. *Killings v. Colvin*, 2013 WL 1455818, *2 (N.D.Ohio,2013) (*citing* 28 U. S. C. § 2412(d)(2)(A)). The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* (*citing Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983); *cf. Commissioner, I.N.S. v. Jean*, 110 S.Ct. 2316, 2320 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.")). The EAJA provides that the amount of fees shall be based on prevailing market rates for the kind and quality of the services furnished. *Id.*

Fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. *Id.* (*citing* 28 U.S.C. § 2412(d)(2)(A); *see Bryant v. Commissioner of Social Security*, 578 F.3d 443, 449–450 (6th Cir.2009)). In requesting an increase beyond the $125.00 per hour rate cap under EAJA, the claimant bears the burden of producing appropriate evidence to support the requested increase. *Id.* (*citing Bryant*, 578 F.3d at 450). In other words, the claimant "must produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (*quoting Blum v. Stenson*, 104 S.Ct. 1541, 1547 n. 11 (1984)).

The decision as to whether an increase in the cost-of-living justifies an award of a fee in excess of the statutory rate of $125 is a matter within the district court's discretion. *Id.* (*See Begley v. Secretary of Health & Human Services*, 966 F.2d 196, 199 (6th Cir.1992)). The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost-of-living. *Winningham v. Astrue,* 2013 WL 394167, *1 (S.D.Ohio,2013). The Sixth Circuit has held that the CPI alone, however, is insufficient evidence to warrant an award of EAJA fees at a rate greater than $125.00. *Killings, supra*, 2013 WL 1455818, at *2 (*citing Bryant*, *supra*, 578 F.3d at 450).

1. **IS PLAINTIFF ENTITLED TO AN ENHANCED FEE?**

Plaintiff suggests that the (1) cost-of-living has increased since amendment of the EAJA on March 29, 1996; (2) prevailing hourly attorney fees in Cleveland are greater than that requested; and (3) the associates within the Law Office of Paulette F. Balin charge more than the hourly rate requested when they submit a fee petition to the Social Security Administration. Plaintiff claims that the appropriate hourly rate under EAJA for services rendered is determined by dividing the CPI from

March 1996 into the CPI for the year during which the services were performed. In this case, Plaintiff suggests that the EAJA rates are:

1. 2012 $172.37 [214.71 ÷ 150.9$^2$ = 1.379 × $125]
2. 2013 $179.75 [217.00 ÷ 150.9 = 1.440 × $125].

The affidavit of Sabrina Veal suggests that the hourly rate for attorneys' time requested in fee petitions prepared by the firm during the past two years has ranged from $250 to $385 per hour (Docket No. 22-3, ¶ 5). Louise Mosher, a 38-year practitioner, has an hourly rate valued at $350 (Docket No. 22-4, ¶ 6).

Plaintiff's counsel are three of a few lawyers with a specialty in social security cases. The affidavits of Linda Pettit, Chad Delesk and Paulette F. Balin, all of whom effectively represented Plaintiff, reflect that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.

The Magistrate acknowledges that there were no novel issues presented in the case. However, the case presented its own complexities, specifically, counsel had to filter the issues through a 551-page transcript as well as the government's pleadings. This required the skill of a lawyer. Counsel diligently represented someone who otherwise could not afford representation and minimized the costs of such representation to the taxpayers by using the expertise of each lawyer expeditiously. After due consideration of the prevailing market conditions set forth THE ECONOMICS OF LAW PRACTICE IN OHIO DESKTOP REFERENCE for 2010 and the community of social security practitioners in the Cleveland-Akron areas, the Magistrate is inclined to find that the kind and quality of services furnished justify a higher award.

  A.  **CALCULATION OF THE ENHANCED FEE FOR LINDA PETTIT**.

---

[2] This is the CPI for the Cleveland/Akron area for March 1996, the month EAJA was amended.

Using the benchmark factor of 150.9, the Magistrate compares the CPI for all urban consumers to reflect the appropriate hourly rate in the month in which Linda Pettit provided services:

| DATE | CPI | CPI ÷ 150.9 = FACTOR × STATUTORY RATE | HOURLY RATE |
|---|---|---|---|
| APRIL 2012 | 214.743 | 214.743 ÷ 150.9 = 1.42 × $125 | $178.89 |
| JUNE 2012 | 214.607 | 214.607 ÷ 150.9 = 1.42 × $125 | $177.77 |
| AUGUST 2012 | 214.612 | 214.612 ÷ 150.9 = 1.42 × $125 | $177.78 |
| OCTOBER 2012 | 216.851 | 216.851 ÷ 150.9 = 1.44 × $125 | $179.63 |
| NOVEMBER 2012 | 214.661 | 214.661 ÷ 150.9 = 1.42 × $125 | $177.82 |
| DECEMBER 2012 | 214.661 | 214.661 ÷ 150.0 = 1.42 × $125 | $177.82 |
| FEBRUARY 2013 | 215.102 | 215.102 ÷ 150.9 = 1.43 × $125 | $178.18 |
| MARCH 2013 | 216.946 | 216.946 ÷ 150.9 = 1.44 × $125 | $179.71 |

www.bls.gov/cpi.Cleveland-Akron,Ohio.

1. **COMPENSABLE HOURS FOR SERVICES RENDERED BY LINDA PETTIT**.

Absent extraordinary circumstances, the average number of hours for an attorney to work on a routine Social Security case ranges from 30 to 40. *Hawk v. Astrue,* 2013 WL 139799, *1 (N.D.Ohio,2013) (*citing Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 420 (6th Cir.1990)). Although the EAJA limits attorneys fees to the litigation process, *Id.* (*citing* 28 U.S.C. § 2413(a)(1)), this includes the EAJA application process. *Id.* (*citing I.N.S. Commissioner v. Jean*, 110 S.Ct. 2316, 2320-2321 (1990)). Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,' ". . . . *Id.*

The Magistrate has scrutinized the schedule of services provided by Linda Pettit. Counsel adequately documented her services and the number of hours she expended to complete such services. There is neither padding of the invoice nor the assertion of frivolous entries. Her duties were separate

and distinct from those of Chad Delesk and Paulette Balin. Thus, there are no excessive or redundant entries when compared to the invoices of Chad Delesk and Paulette Balin. Accordingly, the Magistrate finds that an award of attorney fees for the hours worked by Linda Pettit is appropriate:

| DATE | NUMBER OF HOURS |
|---|---|
| April 2012 | 1.1 |
| June 2012 | 0.6 |
| August 2012 | 0.2 |
| October 2012 | 6.3 |
| November 2012 | 1.1 |
| December 2012 | 2.6 |
| February 2013 | 0.4 |
| March 2013 | 0.7 |
| **Total** | **13.00** |

**2.  TOTAL ATTORNEY FEES DUE FOR SERVICES PROVIDED BY LINDA PETTIT.**

| DATE | RATE × NUMBER OF HOURS | TOTAL |
|---|---|---|
| April 2012 | **$178.89 × 1.1** | $0196.78 |
| June 2012 | **$177.77 × 0.6** | $0106.66 |
| August 2012 | **$177.78 × 0.2** | $0035.56 |
| October 2012 | **$179.63 × 6.3** | $1131.67 |
| November 2012 | **$177.82 × 1.1** | $0195.60 |
| December 2012 | **$177.82 × 2.6** | $0462.33 |
| February 2013 | **$178.18 × 0.4** | $0071.27 |
| March 2013 | **$179.71 × 0.7** | $0125.80 |
| Total | | $2325.67 |

**B.  CALCULATION OF THE ENHANCED FEE FOR CHAD DELESK.**

The Magistrate compares the baseline CPI of 150.9 to the CPI for all urban consumers in the Cleveland-Akron area during the two months which Chad Delesk provided legal services:

| DATE | CPI | CPI ÷150.9 = FACTOR × STATUTORY RATE | HOURLY RATE |
|---|---|---|---|
| SEPTEMBER 2012 | 216.851 | 216.851 ÷ 150.9 = 1.44 × $125 | $179.63 |
| OCTOBER 2012 | 216.851 | 216.851 ÷ 150.9 = 1.44 × $125 | $179.63 |

www.bls.gov/cpi.Cleveland-Akron, Oh.

1. **COMPENSABLE HOURS FOR SERVICES RENDERED BY CHAD DELESK.**

The Magistrate finds that Plaintiff is entitled to attorney fees for the hours worked by Chad Delesk as follows:

| DATE | NUMBER OF HOURS |
|---|---|
| September 2012 | 7.6 |
| October 2012 | 0.4 |
| Total | 08.0 |

2. **TOTAL ATTORNEY FEES DUE FOR SERVICES PROVIDED BY CHAD DELESK.**

| DATE | RATE X NUMBER OF HOURS | TOTAL |
|---|---|---|
| September 2012 | $179.63 X 7.6 | $1365.19 |
| October 2012 | $179.63 X 0.4 | $0071.85 |
| Total | | $1437.04 |

C. **CALCULATION OF FEES FOR SERVICES RENDERED BY MATTHEW J. SHUPE.**

Plaintiff seeks compensation of the hours of service provided by Matthew Shupe that relate solely to the research and preparation of the supportive documentation for the EAJA application (Docket No. 28).

The value of services rendered in defending the propriety of an EAJA application may be compensable under EAJA. *Killings, supra*, 2013 WL 1455818, *8 (*see Spurlock v. Sullivan*, 790 F.Supp. 979, 982 (N.D.Cal. 1992) (*citing I.N.S. v. Jean*, 110 S.Ct. 2316 (1990)). The EAJA permits a claimant to seek enhanced fees where specific skills and knowledge necessary to litigate a particular

case are not held among more general practitioners. *Benyo v. Colvin*, 2013 WL 1195528, *3 (N.D. Ohio 2013) (*citing Pierce, supra*, 108 S.Ct. at 2553-2554) ("limited availability" exception "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question," but only permits above-cap reimbursement where counsel with a requisite speciality cannot be procured at the statutory cap)).

The enhancement to fees awarded Linda Pettit and Chad Delesk reflects special factors that prevail in the community for the limited number of attorneys who like them, are specialized and experienced. The Magistrate recognizes that Matthew Shupe is a relatively new practitioner who clerked for a disability law firm in law school and has worked toward his specialization in Social Security by representing Social Security claimants in administrative hearings since 2012. However, no special factor exists that justifies granting him an enhanced fee particularly since his work was closely supervised by Paulette Balin. Plaintiff is entitled to attorney fees at the statutory rate of $125 per hour for the work performed in her case by Matthew Shupe.

The Magistrate has scrutinized the schedule of services provided by Matthew Shupe and determined that counsel adequately documented his services and the number of hours he expended to complete such services (Docket No. 28-1). There is neither padding of the invoice nor the assertion of frivolous entries. His duties were separate and distinct from those of co-counsel, Chad Delesk or Linda Pettit. Plaintiff is entitled to an award of attorney fees which accounts for the 4.6 hours expended at a rate of $125 per hour, for a total of $575.

    **D.**  **CALCULATION OF AN ENHANCED FEE FOR SERVICES RENDERED BY PAULETTE BALIN**

Paulette Balin has been practicing since 1979 and she has established a niche practice, specializing in Social Security cases where specific skills and knowledge are necessary to litigate particular cases not generally accepted by practitioners. Her representation in this case is limited to

13

the supervision of Matthew Shupe, an associate in her law office. Ms. Balin's review of the tasks performed by Matthew Shupe included monitoring his preparation of the EAJA application which required coordination of several affidavits and empirical data focusing on attorney fees in the State of Ohio. Ms. Balin's distinctive knowledge and specialized skill were needed to hone Matthew Shupe's pleading and the supporting evidence. The Magistrate is persuaded that her expertise in this specialized subject matter and practice-based accreditation justifies an enhanced rate.

The Magistrate compares the relevant CPI for all urban consumers to reflect the appropriate hourly rate in the months in which Paulette Balin provided services:

| DATE | CPI | CPI ÷ 150.9 = FACTOR × STATUTORY RATE | HOURLY RATE |
|---|---|---|---|
| JANUARY, 2013 | 215.102 | 215.102 ÷ 150.9 = 1.425 × $125 | $178.18 |
| MAY, 2013 | 217.738 | 217.738 ÷ 150.9 = 1.44 × $125 | $180.37 |
| MAY 2013 | 217.739 | 217.738 ÷ 150.9 = 1.425 × $125 | $180.37 |

www.bls.gov/cpi.Cleveland-Akron, Oh.

**1. COMPENSABLE HOURS FOR SERVICES RENDERED BY PAULETTE BALIN.**

The Magistrate has also scrutinized the schedule of services provided by Paulette Balin. Counsel adequately documented the parameters of her services, the focus of her performance and the limited number of hours she expended. Her duties were separate and distinct from those of Chad Delesk, Linda Pettit and Matthew Shupe. Comparing her invoice to theirs, the Magistrate finds no excessive, frivolous, unnecessary or redundant entries. The Magistrate finds that the number of hours expended by Paulette Balin is reasonable:

| DATE | NUMBER OF HOURS |
|---|---|
| JANUARY 28, 2013 | 0.5 |
| MAY 2, 2013 | 2.4 |
| MAY 24, 2013 | 0.4 |

| TOTAL | 3.3 |
|---|---|

2. **TOTAL ATTORNEY FEES DUE FOR WORK PERFORMED BY PAULETTE BALIN.**

| DATE | RATE X NUMBER OF HOURS | TOTAL |
|---|---|---|
| JANUARY 28, 2013 | $178.18 × .5 | $089.09 |
| MAY 2, 2013 | $180.37 ×2.4 | $432.88 |
| MAY 24, 2013 | $180.37 × .4 | $072.14 |
| TOTAL | | $594.12 |

**E.  THE AWARD OF ATTORNEY FEES IS PAYABLE TO PLAINTIFF.**

The Magistrate finds that Plaintiff is entitled to an award of attorney fees in the total amount of $4,931.83 for services rendered by Linda Pettit, Chad Delesk, Matthew Shupe and Paulette Balin. In *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010), the United States Supreme Court explicitly held that a Section 2412(d) fee award is payable to the litigant because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to the United States. The term "prevailing party" in the EAJA refers only to the litigant and not to the litigant's attorney. *Id*. at 2525–26. The EAJA does not legally obligate the government to pay a prevailing litigant's attorney *Id.* at 2530 (Sotomayor, J., concurring). Accordingly, Plaintiff's obligation to pay her attorneys is controlled by the law governing any contract she has with Linda Petit, Chad Delesk, Paulette Balin and Matthew Shupe, not by EAJA.

## IV. CONCLUSION

For these reasons, the Magistrate recommends that the Court:

1. Grant Plaintiff's Motion for Attorney Fees;
2. Order the Commissioner to pay to Plaintiff, attorney fees totaling $4,931.83; and
3. Terminate the referral to the undersigned Magistrate.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date: August 16, 2013

## V. NOTICE

Please take notice that as of this date the *Amended* Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.